Good morning, everyone, and welcome to the Ninth Circuit. Judge Bennett and I are pleased to welcome Judge Dorsey, the district judge from the District of Nevada, who's come here to help us out. Welcome. Thank you. It's my pleasure. We will take the cases in the order on the day sheet. The first case is Melendez-Escalante v. Barr, and that's submitted on the briefs. The first case for argument is Wisdom v. Gugino. Counselor? Thaddeus O'Sullivan Good morning. May it please the Court, Counsel, my name is Thaddeus O'Sullivan, and I'm here on behalf of the appellant, Alan Wisdom, in this appeal. Just for clarity reasons, I wanted to go through, this is the third appeal to the Ninth Circuit under a similar caption, so I just wanted to go through how I will refer to each of those cases during my argument. I'd like to save two minutes for rebuttal as well. Wisdom 1 was the first opinion issued by the Ninth Circuit in this case, and that was in 2016. The issues there, the primary issue is whether or not Idaho law exempted his life insurance policies from the bankruptcy estate and his bankruptcy. Wisdom 2, which is this case, which is a little out of order because there was another one, but this is the appeal of the turnover motion that was heard by the bankruptcy court and denied and then heard on appeal by the district court in the District of Idaho, who subsequently also ordered an attorney's fee award. So I'm most interested in the May 2019 opinion, what are you terming that one? That one is the next one. The Wisdom, I call that the adversary appeal because that was from the adversary proceedings that were, and I also call it the companion case, so it was running parallel to his bankruptcy case. So opposing counsel says that is law of the case and resolve the issues, whether the Section 322A issue as to whether Gugino was not a proper trustee because he failed to file proof of a bond and also resolve the motion to recuse Judge Myers and the entire District of Idaho and therefore those were bound under our law of the case doctrine. What's your response to that? I agree. The 322, 21, I'm sorry, 11 U.S.C. 322A issue was resolved in the companion case that was issued in May of this year. However, what remains is the attorney's fee award issue. So and also, I think you argued that Elam and Burke didn't file a notice of appearance. Is that still a live issue or is that also resolved? That's still a live issue but it seems to, that really goes to whether or not the attorney's fee award was proper, same with the 322 ruling because the district court, the bankruptcy court first applied the law of the case doctrine on the 322 issue as well as the recusal issue that were raised in the turnover motion and they looked at this court's decision in Wisdom One which looked only at the Idaho Code exemptions and not at 322. In fact, you know what, for the sake of clarity, could you just list out for me what issues you think are still live after the May 28th decision this year? Yes. So the only issue that we care about is the attorney's fees award by the district court. I believe that the failure to file a notice of appearance is just one of the many mistakes that were made by the trustee in this case and that Mr. Wisdom used his time and energy to point out to the bankruptcy court and then the district court and now this court to show that the bankruptcy trustee is being held to a different standard than Mr. Wisdom was. Although none of these issues affected the outcome of Mr. Wisdom's case, in other words, he didn't get his life insurance policies back. But what he did do is one, on the Idaho Code exemption issue, the Idaho legislature changed that code to remove the subsection 10 that this court recognized. Had Mr. Wisdom's attorney not messed up at the early bankruptcy stage and cited subsection 9 instead of subsection 10, it would have preserved all of his life insurance policies. You're saying there was a legislative change that you attribute to this lawsuit? Is that your position? Yes. That happened while the first Wisdom 1 appeal was pending. And you made that argument to the district court? I believe so. Can you cite to the record where that argument was made? I can't right now. But the purpose of it is to show that the district court and the bankruptcy court have titled Mr. Wisdom as a vexatious litigant. And while it's true he has taken a no stone left unturned approach to this litigation as a pro se litigant, he has achieved things that benefit the public. I'm sorry, but is there any relevance to the fact that the attorney's fees award in the adversary appeal were affirmed by the panel? I don't believe so because it was on different issues. I understand it was on different issues, but wouldn't the arguments that you're making now also have potentially influenced the adversary panel to not affirm the attorney's fees award there? The difference, and this is called out in the panel's opinion, is that on the adversary award of attorney's fees, the judge carved out fees that were incurred arguing about the de facto trustee, which is 362. And didn't the district court here carve out one of the issues? The only issue it carved out was the issue of whether or not a notice of appearance was filed, and it reduced it by 10% for that. On the 362 issue, the district court said this issue has already been decided by ... It's the same exact issue that was decided by the district court in a previous matter and decided by the Ninth Circuit in Wisdom 1, which just is not the case. And unfortunately, I think this grows from what the ... So the recusal argument, I guess the court said, that had been ruled on six times before this current appeal to the district court? Yes. And that the de facto trustee question had been ruled on the district court in the adversary proceeding and was then currently on appeal to the Ninth Circuit, I guess resulting in the May 28th ruling. And so these two arguments had been rejected and had been raised previously before, and the appeal was pending. So that was the basis of the district court's ruling that they were frivolous. Actually, the district court looked at Wisdom 1. It did not look at the adversary proceeding. But it said it was pending, right? Yes. Yes. And so the fact that that was pending ... And it's still ... The May opinion was an unpublished opinion. So it's not even the law of this circuit. It's the law of this case, but it's not binding precedent at this point. And so to say that in 2015 ... Or 2016, I believe was when the Attorney's Fee Award was made, to say that it was covered by binding precedent just isn't true. It wasn't accepted law in the Ninth Circuit, and frankly, it still isn't. Another litigant could bring up this issue, and it wouldn't be bound by the Wisdom case. You're going to save time. Yes. I'm going to save my last minute and a half. Thank you very much. Okay. Good morning. I am Josh Evett, representing Jeremy Gugino, and I will be brief since it sounds as if the only issue before the court is this attorney fee issue. The reason Mr. Wisdom had a fee award entered against him is because he had already raised the bond issue, the 322A issue, and also the issue of recusal in his adversary action. And he filed that action back in December of 2013. And Judge Myers entered summary judgment on those issues in March of 2016, and it was then about two months later, on May 24, 2016, that Mr. Wisdom, in the guise of a turnover motion, raised exactly the same issues he'd already raised regarding the bond and regarding the recusal again. And he lost on those issues. This court issued its decision on those issues this last May. And so what Mr. Wisdom has done again and again in this case is essentially to raise the same issues over and over again, simply in different settings. And the fee award entered by the district court was on the appeal, not necessarily the because those issues had already been decided in the adversary action. But rather than allow that process to play out, Mr. Wisdom, again, made the same argument simply in a different setting. So it was a frivolous appeal. That's why there was a fee award, and we would ask that the court uphold that fee award. And that's all I have, unless the panel has questions.  Thank you. Thank you. Thank you. I'd just like to use the rest of my time to just ask the court to consider the things that Mr. Wisdom has pointed out in this lawsuit, albeit maybe not the most efficient way of doing so. He pointed out that the trustee had not filed a bond that it's required to do. It's clear under the bankruptcy statute. He pointed out in Wisdom 1, and this court acknowledged it, that the trustee sold assets without filing the appropriate, or without providing him with appropriate notice required under the bankruptcy statute. Mr. O'Sullivan, can I take you back to the fee award issue? Of course. So if we agree with the district court that Mr. Wisdom's appeal was mostly frivolous, what other points has he raised that we can now consider about that fee award? That Mr. Wisdom has raised? Yes. So if we agree that most of those issues were mostly frivolous, what's left for us to grapple with here? Well, unfortunately, not much. The fact, though, is that the district court looked at Wisdom 1 to determine that it was frivolous and the outcome was obvious, and that was in error. And that stems from the fact that the bankruptcy court admitted in footnote 4 of its opinion that was appealed to the district court that the court concludes, it acknowledges that there are issues that are arguably characterized as distinct. This isn't applying the law of the case doctrine, but then it says the court concludes that the devotion of time and effort to parse and compare the allegations at this stage of the proceedings is unwarranted. So it was applying the law of the case doctrine without even looking to make sure that the issues were the same. And so that's what the error stems from. And Mr. Wisdom was penalized for that fact and the district court just adopted it. So the primary concern here is that neither court did its duty in reviewing what was required. And it was required to review. And so the attorney fieldwork should be overturned. Thank you. The time has expired. The case of Wisdom v. Gugino is submitted.
judges: Ikuta, Benntet, Dorsey